# OF TEXAS
### AUSTIN 11, TEXAS


November 1, 1956

Hon. Robert H. Caldwell, Jr.　　　Opinion No. S-216
County Attorney
Denton County　　　　　　　　Re: Authority of a County Tax
Denton, Texas　　　　　　　　　Assessor-Collector under
　　　　　　　　　　　　　　　Article 6675a-15, V.C.S.,
　　　　　　　　　　　　　　　to retake motor vehicle
　　　　　　　　　　　　　　　license plates obtained by
　　　　　　　　　　　　　　　giving a check to be
　　　　　　　　　　　　　　　redeemed subsequently with
Dear Mr. Caldwell:　　　　　　cash.

　　　　Your letter requesting our opinion in reference to the
captioned matter reads, in part, as follows:

　　　　"The fact situation is as follows:  A check was
given to the tax assessor and collector of Denton
County, Texas on the 15th of May, 1956 for the regis-
tration fee on a new truck.  The check was in the
amount of $144.17.  The word 'hold' was written in
the lower left hand corner of the check and the tax
collector agreed to hold the check for a period of
thirty days and at the expiration of that time the
maker agreed to come in and redeem the check by
paying the tax collector the above sum in cash.  At
the expiration of said thirty days, demand was made
upon the maker for redemption, but the maker failed
to do so.  The check never was and never has been
presented for payment to the bank on which it was
drawn.  No order was immediately issued by the tax
collector ordering the sheriff or any other officer to
effect redemption or repossess the license plates.

　　　　"The truck was subsequently repossessed by the
dealer lien-holder on or about the 25th day of August,
1956 and resold.  Both the dealer lien-holder and the
new purchaser believing the registration fees to have
been paid for in full.  The license plates were attached
to the truck and are still on it.  The tax collector
permitted transfer of the receipt but has deferred repos-
sessing  the license plates pending an opinion from
the Attorney General."

　　　　You specifically submit the following questions:

"(1)   Would the County Tax Collector, in view of the above outlined circumstances, and after waiting approximately three and one-half months, have the authority under Article 6675a-15, to repossess or order the repossession of license plates now in the hands of an innocent purchaser?

"(2)   Is Article 6675a-15 applicable to a situation where the Tax Collector, in effect, extends credit by accepting a check which is to be redeemed later by cash?"

Article 6675a-15, Vernon's Civil Statutes, provides that:

"Whenever the tax collector or assessor or collector of taxes shall receive from any person a check . . . drawn upon any bank or trust company in payment of the registration license fee or fees and license number plates. . . on any motor vehicle. . . and such check. . . shall be returned unpaid to such tax collector . . . on account of insufficient funds, or no funds, in such bank or trust company to the credit of the drawer thereof, it shall be the duty of such tax collector. . . to immediately certify under his official seal, accompanied by said check, the sheriff or any constable or highway patrolman in his county of such fact, giving such officer the name and address of such person who gave him such check. . . and the number and make of such motor vehicle. . ." (Emphasis added.)

Such Article then provides that such officer, upon finding such person, demand of the drawer of the check immediate redemption of same, and it then provides that upon a refusal to redeem such officer shall seize and remove from the motor vehicle the license number plates and return them to the tax collector.

It is our opinion that both of your questions should be answered in the negative.   Under the statement given us, the check was neither given nor accepted "in payment of the registration license fee or fees and license number plates."   This "hold" check amounted to no more than a memorandum of indebtedness or I.O.U. Furthermore, the license plates are now owned and held by an innocent purchaser.

SUMMARY

The provisions of Article 6675a-15, V.C.S., as to recovery of motor vehicle license plates, do not apply in the event a check is given the tax assessor-

collector not in payment for the license plates
and registration fees, but given and accepted
under an agreement to hold the check until
later redeemed by cash.

Yours very truly,

APPROVED:

JOHN BEN SHEPPERD
Attorney General

J. C. Davis, Jr.
Reviewer

Mert Starnes
Reviewer

By W. V. Geppert

W. V. Geppert
Assistant

L. W. Gray
Special Reviewer

Davis Grant
First Assistant

John Ben Shepperd
Attorney General

WVG:cs